IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM A. HILL, individually and on behalf of all others similarly situated, | )<br>)  Civil Action No.:  11-753<br>) |
| Plaintiff, | )  JURY TRIAL DEMANDED<br>) |
| v. | )<br>) |
| DELAWARE NORTH COMPANIES, INC., a corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, William A. Hill, individually and on behalf of all others similarly situated, files the following Complaint, averring as follows:

1. This is a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), to recover unpaid overtime, filed by Plaintiff on behalf of himself and all persons who at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant, paid on an hourly basis, and worked in excess of forty (40) hours per week without receiving overtime compensation.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3.     Venue for this action properly lies in the Western District of New York, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

4.     Defendant, Delaware North Companies, Inc. ("DNCI") is a global leader in hospitality and food service with operating companies in the lodging, sporting, airport, gaming and entertainment industries.

5.     DNCI's corporate headquarters are located at 40 Fountain Plaza, Buffalo, New York 14202.

6.     With more than $2 billion in annual revenue and 50,000 employees, DNCI is one of the largest privately held companies in the world.

7.     For almost one hundred years, DNCI has provided concessions, gourmet catering and fine dining services to sporting and entertainment venues, and convention centers in the United States and Canada.

8.     Upon information and belief, DNCI, through its subsidiaries, holds exclusive contracts with various sporting, recreational and entertainment facilities throughout the United States to provide food and beverage services and retail concessions at such facilities. One such contract is with the Baltimore Orioles to provide retail and concession

services at Oriole Park at Camden Yards in Baltimore, Maryland, where Plaintiff was employed.

9. Upon information and belief, at all times, the wage and hour and all related compensation policies for DNCI employees, throughout the United States, were centrally and collectively dictated, controlled, and ratified by DNCI.

10. For example, Plaintiff, upon being hired to work at Camden Yards, was provided with a forty page handbook entitled "Delaware North Companies: Work Rules and Regulations" ("DNCI Handbook") The DNCI handbook, which, by its own terms, is "intended for all union and part-time seasonal associates of Delaware North Companies," provides guidance to Defendant's employees on such topics as "Hours of Work," "Overtime," "Paychecks," "Timekeeping," and "Scheduling." All of these topics are included in a section of the DNCI Handbook entitled "General Information and Work Rules," which is deemed to provide "standard operating procedures used by all DNC units."

11. By way of further example of Defendant's centralized management of all of its employees throughout the United States, the DNCI Handbook expressly contemplates the "shared use" of employees between different "field locations" within Defendant.

12. As such, DNCI is the employer – single, joint or otherwise – of the Plaintiff and all putative class members.

13. Plaintiff, William A. Hill, is an adult individual residing in Baltimore, Maryland. Plaintiff was employed by Defendant from March, 15, 2011, through June 24, 2011, at Defendant's location in Baltimore, Maryland, as a retail supervisor. His duties included supervising "Store Associates," loading and unloading merchandise, shelving merchandise, establishing merchandise displays, and training other employees. These duties involved work at the Baltimore Orioles Store as well as at mini-gift and souvenir stands located at Oriole Park at Camden Yards. While working for Defendant, Plaintiff was routinely required to work in excess of forty (40) hours per week without receiving overtime compensation.

14. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. §216(b).

## FACTUAL BACKGROUND

15. Plaintiff and the putative class members were (and are) routinely required to work in excess of forty (40) hours per week, without receiving overtime compensation. (Plaintiff and other proposed collective action class members are hereinafter referred to as "Hourly Employees" or "Defendant's Hourly Employees"). Defendant's Hourly Employees were

(and are) only paid their regular hourly rate of compensation for each hour of overtime worked. Defendant considers its Hourly Employees as "exempt" employees for purposes of the FLSA's overtime requirements, ostensibly relying upon the exemption set forth in Section 13(a)(3) of the FLSA for employees of, *inter alia,* a recreational or amusement establishment.

16. Defendant's Hourly Employees, however, are not exempt under Section 13(a)(3) of the FLSA because Defendant is not an "amusement or recreational establishment."

17. The FLSA's Section 13(a)(3) exemption depends on the "character of the establishment in which the employee is employed. Restaurants are not generally recognized as amusement or recreational in nature." U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11. Furthermore, the sale of "food, drink,... concessions, and gifts..." is not considered amusement or recreational in nature. U.S. Department of Labor, Wage and Hour Opinion Letter, October 12, 2006, FLSA2006-39.

18. Although Defendant has exclusive contracts to provide retail and concession services at various facilities which may themselves be "amusement or recreational establishments" within the meaning of the FLSA, the U.S. Department of Labor, in interpreting the FLSA's Section

13(a)(3) exemption, has concluded the exemption does not extend to employees who, although working in an exempt establishment, are not employed by the exempt establishment itself. U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11.

19. Defendant and the "recreational host establishments" with which it contracts are not a "single establishment." 29 C.F.R. § 779.305. Defendant is not itself an amusement or recreational establishment, but is a legal entity separate from the recreational host establishments where its employees work. U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11.

20. Because Defendant's retail and concession operations are separate from the operations of the recreational host establishments with which Defendant has contracted, and because Defendant is not itself an amusement or recreational establishment, Defendant cannot properly rely upon the Section 13(a)(3) exemption for its employees. *Id.*; 29 C.F.R. § 779.305.

21. There are no other exemptions under the FLSA which apply to Plaintiff and the putative class members.

22. This action is filed on behalf of all of Defendant's Hourly Employees who were or are being improperly classified as "exempt"

employees, and therefore deprived of overtime compensation, to recover all overtime pay due to them under federal law. These persons include current and former Hourly Employees employed at any of Defendant's facilities during the three years preceding the filing of this action.

23. Pursuant to Defendant's uniform employment policies, the Hourly Employees are classified as "exempt" and paid only their straight hourly wage for each hour of overtime worked. During the class period, the employees at issue have consistently been denied overtime compensation. Defendant's non-compliance with the requirements of the FLSA was willful.

24. Defendant's Hourly Employees are paid by Defendant exclusively on an hourly basis and are not paid a salary or fee. They have received no overtime pay as required by law.

25. Some evidence generally reflecting the number of overtime hours worked by each Hourly Employee and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to him and Defendant's other Hourly Employees, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to

keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## COLLECTIVE ACTION ALLEGATIONS

26.  The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

27.  Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. § 207 and 216(b), specifically, as follows:

> All persons employed by Defendant, nationally, within the three years preceding the filing of this action, who were paid on an hourly basis and worked more than 40 hours in any given work week, and were not paid overtime compensation by Defendant.

Upon information and belief, Plaintiff believes that the definition of the class will be further refined following discovery of Defendant's books and records.

28.  Plaintiff is unable to state the exact number of the class without discovery of Defendant's books and records but estimates the class to exceed several thousand individuals.

29.  There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include:

a. Whether Defendant's Hourly Employees were uniformly classified as exempt, in violation of the FLSA;

b. Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of such employees as exempt;

c. Whether Plaintiff and class members worked overtime;

d. Whether Plaintiff and class members were paid on an hourly basis;

e. Whether Plaintiff and class members fit within the FLSA's exemption from the overtime provisions of the FLSA for employees "employed by an establishment which is an amusement or recreational establishment."

f. The correct statute of limitations for Plaintiff's and class members' claims;

g. The correct method of calculating back overtime pay;

h. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

i. Whether Defendant is liable for pre-judgment interest; and

j. Whether Defendant is liable for attorney's fees and costs.

30. Defendant has acted and refused to act on grounds generally applicable to the class.

31. The claims of the representative Plaintiff are typical of the claims of the class in that Plaintiff was denied mandatory overtime wages as a result of Defendant's uniform policy of treating its Hourly Employees as

exempt employees. This is the predominant issue which pertains to the claims of each and every class member.

32. The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

33. Plaintiff will fairly and adequately protect the interests of the class, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its Hourly Employees.

34. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel are experienced with employment/class litigation and have previously served as class counsel in employment litigation.

35. Plaintiff and the class he represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

36. Defendant has engaged in a continuing willful violation of the FLSA.

37. Plaintiff, as well as the individuals he represents, was denied overtime compensation as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

38. Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

39. The allegations set forth in the preceding paragraphs are incorporated herein.

40. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

41. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

42. As a consequence of Defendant's employment practices regarding its Hourly Employees, Plaintiff and the class were denied statutory overtime wages.

43. Plaintiff and the class were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

44. Defendant's policy of not paying its Hourly Employees overtime wages represents and results in a willful violation of the FLSA's wage requirements.

45. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A. All applicable statutory damages;

B. A Declaration that Defendant has violated the FLSA;

C. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

D. An Order appointing Plaintiff and his counsel to represent those individuals opting-in to the collective action;

E. An Order awarding attorneys' fees and costs; and,

F. All other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: September 8, 2011,   Respectfully Submitted,

*/s/ E. David Hoskins*
E. David Hoskins, Bar No. 516554
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
dhoskins@hoskinslaw.com

*Albany Office*:

90 State Street, Ste. 700
Albany, New York 12207
(518) 935-2672

*Of Counsel*:

Gary F. Lynch, Esquire
PA I.D. No. 56887
glynch@carlsonlynch.com
[Pro Hac Vice motion to be filed]
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(724) 656-1555

Stephanie K. Goldin
PA I.D. No. 20286
sgoldin@carlsonlynch.com
[Pro Hac Vice motion to be filed]
CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(724) 656-1555