UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

WILLIAM A. HILL,

                           Plaintiff,              Docket No. 11-CV-753-WMS

        vs.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

                           Defendant.

_____

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S
### RULE 12(b)(6) MOTION TO DISMISS

Terrence M. Connors
CONNORS & VILARDO, LLP
1000 Liberty Building
424 Main Street
Buffalo, NY 14202
Telephone: (716) 852-5533
Email: tmc@connors-vilardo.com

Robert W. Pritchard (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7600
Email: rpritchard@littler.com

Bradley A. Sherman (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: (216) 696-7600
Email: bsherman@littler.com

Attorneys for Defendant
*Delaware North Companies Sportservice, Inc.*

I.      **INTRODUCTION**

Plaintiff has had three chances – in his original Complaint, his Amended Complaint, and now, his Memorandum in Opposition brief – to establish that he has a plausible claim for relief under the FLSA, a claim that will subject Sportservice to months (if not years) of costly litigation, potentially on a nationwide basis as a putative collective action.   Despite these abundant opportunities, Plaintiff has utterly failed to articulate a viable claim.

Plaintiff implicitly acknowledged that his original Complaint was deficient, since rather than oppose Sportservice's Motion to Dismiss, he filed an Amended Complaint.   Having full knowledge of the insufficiencies of his original Complaint, Plaintiff's Amended Complaint should have represented his *best effort* to articulate his theory of recovery.   Plaintiff's effort consisted of conclusory allegations that Sportservice and the Camden Yards experience are separate establishments, coupled with factual averments that directly contradict his conclusions. Quite simply, Plaintiff has not (and cannot) allege sufficient facts to support his separateness theory, and his Opposition simply regurgitated his conclusory allegation that he has established a plausible right to relief.   This does not suffice to meet Plaintiff's pleading burden.   Plaintiff has given it his best shot, and he simply cannot state a plausible claim under the FLSA.   In this Reply, Sportservice will establish the following:

- This Court may dismiss a claim on the basis of an exemption where, as here, the facts supporting the applicability of the exemption appear on the face of the Complaint and Plaintiff can prove no set of facts that entitle him to relief;

- Sportservice operations, the Baltimore Orioles, and Camden Yards are not separate establishments, inasmuch as they operate together and in tandem to provide a recreational experience for visitors and fans;

- Plaintiff's "red herring" argument about seasonal requirements, made for the first time in his Opposition, is completely beyond the pleadings; and

- Plaintiff's Opposition makes it perfectly clear that this case is uniquely inappropriate for certification of a nationwide class.

The facts alleged in Plaintiff's Amended Complaint simply do not support the conclusion that he can present a viable claim on behalf of anyone – whether it is Sportservice employees nationwide, Sportservice employees at Camden Yards, or Plaintiff alone.  Therefore, this Court should dismiss Plaintiff's Amended Complaint with prejudice.

## II.   ARGUMENT

### A.   Plaintiff Has Failed to Allege a Plausible Claim for Unpaid Overtime.

To survive a motion to dismiss under the pleading standards established by *Iqbal* and *Twombly*, Plaintiff must plead sufficient facts to show that he has a plausible claim for unpaid overtime.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff has failed to meet his burden.  As Plaintiff notes in his Opposition Brief, "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint."  *Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).  Courts will grant a motion to dismiss in the FLSA context where an overtime exemption clearly applies. *See, e.g., Dennis v. Watco Cos.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (affirming the dismissal of a complaint for unpaid overtime because the plain language of an FLSA exemption precluded any claims the plaintiff may have had); *Hedrick v. S. States Coop., Inc.*, 2010 U.S. Dist. LEXIS 104495 (E.D.N.C. Sept. 29, 2010) (granting a motion to dismiss an FLSA claim for unpaid overtime because the allegations of the complaint clearly showed that the plaintiffs were within an FLSA exemption, and rejecting the plaintiff's argument that "intensive fact finding" was needed to determine the applicability of the exemption); *Robbins v. Zabarsky*, 44 F. Supp. 867, 870 (D. Mass 1942) ("[I]f facts are alleged in the complaint which make it possible to determine whether the exemption [under the FLSA] applied, the legal question of applicability of the

exemption may be determined on a motion to dismiss.").

The Amended Complaint provides more than enough factual averments to establish both that Plaintiff cannot state a claim and the seasonal recreation exemption applies. First, Plaintiff relies heavily on the fact that Sportservice, Camden Yards, and the Baltimore Orioles have different owners and are managed separately. Regardless of ownership status, the DOL has specifically recognized that, except in rare instances, food and souvenir vendors employed by a concessionaire such as Sportservice qualify for exemption from the overtime pay provisions of the FLSA. Wage and Hour Opinion Letter No. 623, 1967 DOLWH LEXIS 164, *1-*2 (June 22, 1967). Plaintiff has not shown that this is one of those rare instances, nor has he offered any authority that shows that the DOL's position in this matter has changed. Indeed, the DOL has no reason to change its opinion since the concessionaire business model used at ball parks across the country has not changed since its issuance. Ball parks (as well as other locations where sports are played) have contracted with concessionaires to sell peanuts, Cracker Jack and other products for decades without any pronouncement even remotely suggesting that the seasonal recreation exemption no longer applies to their employees.

Given that his attempt to base his claim solely on ownership failed, Plaintiff quickly turns to specific issues of layout and operational functionality in a hopeless effort to separate Sportservice from the Camden Yards experience. However, Plaintiff's allegations simply do not establish separateness. As set forth in Sportservice's Motion, where there are separate businesses operating in one distinct physical place of business, a business is only considered a separate establishment under the FLSA if: (a) it is physically and functionally separated from the other activities; (b) it is functionally operated as a separate unit having separate records, and separate bookkeeping; *and* (c) there is no interchange of employees between the units. 29 C.F.R.

§779.305.  *All three requirements must be met* before the businesses are considered separate establishments.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1158 (11th Cir. 2008).   At Camden Yards, there is simply no physical separation between the operations of the concessionaires and those of the "host establishment" – a condition that must exist for Plaintiff's claim to survive.  29 C.F.R. §779.305.

As the facts alleged in the Amended Complaint show, the activities occurring at Camden Yards are all part of one integrated baseball experience.  The typical customer's experience at Camden Yards begins when he or she enters the ball park and gives a ticket taker his ticket.  Once in the ball park, the customer may decide to grab a hot dog and a soda to take to his or her seat.  In that case, the customer would visit one of the 34 concession stands located throughout Camden Yards.  (Amended Complaint ¶31).  Once the customer has bought some refreshments, an usher will assist the customer with finding the seats.  While this is occurring, the grounds crew is preparing the field for the game about to be played.  Once the game starts, the Baltimore Orioles take the field.  As the customer is watching the game, vendors walk through the seating area selling food and beverages.  (*Id.* ¶32).  During a break in the action or during the seventh inning stretch, the customer may decide to buy a baseball cap, pennant, or other souvenir, in which case the customer visits the Orioles Team Store, which is part of Camden Yards, or one of the 11 mini-gift stands located throughout the park.  (*Id.* ¶¶28-29, 31).  Once the game ends, an usher will direct the customer towards the exit, and the Camden Yards experience ends.

In this scenario, some of those who are part of the baseball experience are employees of the Baltimore Orioles, such as the ticket takers, ushers, grounds crew and Orioles team players, (Amended Complaint ¶31), while others, such as the staff at the concession stands, mini-gift stands and Orioles Team Store, are employed by Sportservice.  (*Id.* ¶¶ 28-29, 31-32).  Regardless

of which entity employs which individual, they are *all* part of the single, integrated Camden Yards experience.  Thus, according to Plaintiff's allegations, there is no physical or functional separation between the activities occurring at Camden Yards,[1] and a single establishment is present.

**B.**   **Plaintiff's Newly Raised Seasonality Argument Does Not Save His Lawsuit From Dismissal.**

Even in this lawsuit's infancy, Plaintiff's theory of recovery has been nothing less than a moving target.  In his original Complaint, Plaintiff first attempted to snare Sportservice by alleging that, as a matter of law, a concessionaire could *never* be considered a recreational establishment.  Once the folly of this argument was pointed out in Sportservice's Motion to Dismiss, Plaintiff switched his theory by filing an Amended Complaint which included a specific and detailed analysis of the operations of Camden Yards, the Baltimore Orioles, and Sportservice in an attempt to conjure up the notion that somehow these entities do not combine to provide a common recreational experience – properly considered as a single establishment under the FLSA.  Now, in response to Sportservice's second Motion to Dismiss, in literally the last paragraph before the conclusion of his Opposition Brief, Plaintiff asserts that his claim should be allowed to survive because Sportservice has not shown that it operates for less than seven months in a year or satisfies a six-month receipt test pursuant to §213(a)(3) of the FLSA. However, Plaintiff, in his Opposition, just as Defendant, in its 12(b)(6) Motion, must rely only upon the pleadings as presented in the Amended Complaint he drafted to argue the viability of

---

[1] Plaintiff's Exhibit 2 to his Amended Complaint actually provides further support to Sportservice's argument.  The portion of the warehouse pictured in Exhibit 2 represents the top floors of the B&O Warehouse.  The Eutaw Street Promenade connecting the warehouse and ball park is open to the public, but *not* during game times.  Moreover, the bottom and upper floors of the B&O Warehouse are connected to Oriole Park at Camden Yards underneath and above the Promenade.  Indeed, as evidenced by Exhibit 2, the idea that the Promenade is a "street" is a misnomer.  It is actually the roof of the ball park's storage area, which opens into the ball field.  Thus, the B&O Warehouse is not physically separated from Oriole Park, but rather is connected to the park and part of the baseball experience.

his case.  Plaintiff articulated his theory of recovery in his original Complaint (a concessionaire can *never* rely on recreational exemption), and articulated a new theory in his Amended Complaint (Sportservice is separate from Camden Yards).  Nowhere in his Amended Complaint (or in his original Complaint for that matter) has Plaintiff ever presented any factual allegations regarding the seasonality aspects of the recreational exemption.  Plaintiff should not be able to pursue a "moving target" approach to the litigation.  Plaintiff's last gasp attempt to rescue his claim should be disregarded, and Plaintiff's Complaint should be dismissed in its entirety.

### C.  Plaintiff's Desperation Proves That His Claim Is Uniquely Inappropriate for Nationwide Class Treatment.

Plaintiff's Amended Complaint alleges many facts regarding the intricacies of Sportservice's operations at Oriole Park, including where Sportservice's employees enter the facility, where its products are stored, and Sportservice's work rules as they relate to Baltimore Orioles employees.  Yet, despite Plaintiff's exceedingly detailed factual allegations regarding Sportservice's operations at Oriole Park – details that are absolutely facility specific – Plaintiff still attempts to claim that this suit is appropriate for nationwide class treatment.  These contradictory positions cannot be reconciled and further show why Plaintiff's Complaint is not plausible.  If Plaintiff's Amended Complaint is permitted to continue, this very fact-specific process will be repeated throughout the country.  Each location will require a distinct analysis as to whether it constitutes a single establishment with its host facility such that it is entitled to rely on the recreational exemption.  Therefore, the nationwide class aspects of his case should be dismissed independently of any decision regarding the remainder of his claims.

### III.  CONCLUSION

The Supreme Court has made it clear through *Iqbal* and *Twombly* that to state a claim for relief, the Plaintiff must allege facts demonstrating a plausible right to relief, not simply that

there is a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. Here, Plaintiff is attempting to drag Sportservice into months or years of costly litigation on a nationwide basis, based solely on the thinnest of factual allegations about Camden Yards and misguided legal conclusions that fall far short of establishing a plausible claim, and represent nothing more than a sheer possibility that Sportservice acted unlawfully.  This does not suffice to carry Plaintiff's burden and Plaintiff's Complaint should be dismissed with prejudice.

                                          Respectfully submitted,

                                          / s / Terrence M. Connors
                                          Terrence M. Connors
                                          CONNORS & VILARDO, LLP
                                          1000 Liberty Building
                                          424 Main Street
                                          Buffalo, NY 14202
                                          Telephone: (716) 852-5533
                                          Email: tmc@connors-vilardo.com

                                          Robert W. Pritchard (admitted *pro hac vice)*
                                          LITTLER MENDELSON, P.C.
                                          625 Liberty Avenue, 26th Floor
                                          Pittsburgh, PA 15222
                                          Telephone: (412) 201-7600
                                          Email: rpritchard@littler.com

                                          Bradley A. Sherman (admitted *pro hac vice)*
                                          LITTLER MENDELSON, P.C.
                                          1100 Superior Avenue, 20th Floor
                                          Cleveland, OH  44114
                                          Telephone: (216) 696-7600
                                          Email: bsherman@littler.com

                                          Attorneys for Defendant
                                          *Delaware North Companies Sportservice, Inc.*