UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM A. HILL, individually and on behalf of all
others similarly situated,

                            Plaintiff,
   v.                                     **DECISION AND ORDER**
                                                        11-CV-753S

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,
                            Defendants.
_____

## I. INTRODUCTION

Plaintiff commenced this putative collective action[1] under the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq.* ("FLSA")) alleging on behalf of himself and similarly situated hourly-paid employees of Defendant Delaware North Companies Sportservice, Inc.,[2] that Defendant failed to pay overtime compensation for those hours employees were required to work in excess of the maximum forty-hour workweek. Defendant is a hospitality and food service corporation that contracts with various sporting, recreational and entertainment facilities throughout the United States to provide food, beverage, and retail concession services. Amended Complaint, Docket No. 26, ¶¶ 4-8. Plaintiff was employed by Defendant in 2011 as a retail supervisor whose duties involved work at the Baltimore Orioles Team Store and souvenir stands at Oriole Park at Camden Yards. Am. Compl. ¶

---

[1] Plaintiff has not yet moved to certify the this matter as a collective action under the FLSA. See generally Rubery v. Buth-Na-Bodhaige, Inc., 569 F.Supp.2d 334, 336 (W.D.N.Y. 2008).

[2] Plaintiff initiated suit against "Delaware North Companies, Inc." Pursuant to a stipulation between the parties, this Court ordered the substitution of that corporation's subsidiary, Delaware North Companies Sportservice, Inc., as defendant. Docket Nos. 25, 28.

1

13. Pending before this Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Rule 12 (b)(6) for failure to state a claim.[3] This Court considers the matter fully briefed and oral argument unnecessary. For the reasons stated below, Defendant's motion is denied.

## II. DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Ashcroft, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

In his Amended Complaint, Plaintiff alleges that Defendant violated section 207 of the FLSA, which provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his

---

[3] In support of its Motion to Dismiss, Defendant submitted the Declaration of Terrence M. Connors, Esq., with Ex. A and a supporting Memorandum of Law (Docket No. 29). Plaintiff responded with an opposing Memorandum of Law with Exs. 1-2 (Docket No. 34). Defendant submitted a Reply Memorandum of Law (Docket No. 37).

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); Grochowski v. Phoenix Constr., 318 F.3d 80, 87 (2d Cir. 2003).  The FLSA also provides certain exemptions from the minimum wage and maximum hour requirements of the Act in 29 U.S.C. § 213, including the overtime wage rate required by § 207 (a)(1).  As relevant here, section 213 (a)(3) exempts:

> any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calender year, or (B) during the preceding calendar year, its average receipts for any six months of such year were no more than 33 1/3 per centum of its average receipts for the other six months of such year.

Defendant contends that Plaintiff cannot state a claim for the alleged FLSA violation because, even accepting the facts as alleged in the Amended Complaint, "Plaintiff has failed to set forth any facts demonstrating that he was not employed in an 'amusement or recreational establishment' that is exempt from the overtime requirements of the FLSA." Def's Memorandum of Law, Docket No. 29-4, at 6.  Defendant further argues that, instead, the facts alleged in the Amended Complaint establish that Plaintiff was in fact employed by such an amusement or recreational establishment.

As Plaintiff correctly argues, however, "the general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-197, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); see Mitchell v. Kentucky Fin. Co., 359 U.S. 290, 291, 79 S.Ct. 756, 757, 3 L.Ed.2d 815 (1959); Mullins v. City of New York, 653 F.3d 104, 113 (2d Cir. 2011), cert denied 132 S.Ct. 1744 (2012); Pl's Mem of Law,

Docket No. 34, at 6-9. "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12 (b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998), cert denied 525 U.S. 1103 (1999); Iowa Pub. Emp. Ret. System v. MF Global, Ltd., 620 F.3d 137, 145 (2d Cir. 2010); E. Gluck Corp. v. Rothenhaus, 585 F.Supp.2d 505, 512 (S.D.N.Y. 2008).

Defendant's arguments in support of the instant motion focus on whether the facts alleged support the conclusion that operations of Defendant at Oriole Park at Camden Yards were physically and functionally integrated with the operations of the ballpark itself such that the two entities constituted a single amusement or recreational establishment for the purpose of the FLSA exemption.  Even if this Court were to reach such a conclusion at this time, there is no allegation in the Amended Complaint that the ballpark operated for less than seven months in any calender year, or that the average receipts for any six months of a year were no more than one-third of the average receipts for the other six months of that year.  29 U.S.C. § 213 (a)(3). Contrary to Defendant's contention, Def's Reply Mem of Law, Docket No. 5-6, Plaintiff is not required to plead the absence of such seasonal operation in order to state a prima facie FLSA violation; instead it is Defendant who bears the burden of pleading and proving this and the other elements of its affirmative defense.  Iowa Pub. Emps. Retirement Sys., 620 F.3d at 145.  The applicability of this affirmative defense is therefore not clear from the face of the Amended Complaint, and dismissal pursuant to Rule 12 (b)(6) is not warranted. Pani, 152 F.3d at 74.

### III. CONCLUSION

In light of the above conclusion, further consideration of the parties' remaining

arguments on the issue of whether Plaintiff was employed by an exempt amusement or recreational establishment would be premature at this time. Defendant's Motion to Dismiss the Amended Complaint pursuant to Rule 12 (b)(6) is denied.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Docket No. 29) is DENIED.

SO ORDERED.

Dated: June 20, 2012
　　　　Buffalo, New York


　　　　　　　　　　　　　　　　　　　　　　　　　　/s/William M. Skretny
　　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. SKRETNY
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court