UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM A. HILL, etc.,

                Plaintiff,

     v.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

                Defendant.

**DECISION AND ORDER**

11-CV-0753 S

---

     1.     This action was referred automatically to the Court's Alternative Dispute Resolution ("ADR") program upon filing of the complaint on September 8, 2011. By Joint Motion To Excuse ADR Deadlines filed September 14, 2012, the parties seek to defer mediation until after adjudication of dispositive motions yet to be made.

     2.     The Case Management Order filed by United States Magistrate Judge Jeremiah J. McCarthy on August 28, 2012 (Docket #45) provides a deadline for the making of the subject motion to opt out of or defer ADR and this application has been timely filed.

     3.     The aforesaid Case Management Order further provides for completion of certain discovery by January 18, 2013 and the filing of certain dispositive motions by no later than February 13, 2013. The deadline for all briefing in connection with said motions is March 13, 2013.

     4.     Section 2.2 C of the ADR Plan for the Western District of New York requires

1

that a party seeking relief from mediation show good cause for the request by stating the reasons why mediation has no reasonable chance of being productive.

5. For their reasons why ADR has no reasonable chance of being productive, the parties refer to the discovery and dispositive motion schedule and contend that mandatory ADR, which would be mediation in this case, be deferred until after adjudication of the dispositive motions. They characterize this timing as being "the best opportunity for useful ADR under the circumstances."

6. The parties further identify the current litigation effort as being directed primarily at opposing interpretations of an exemption provision in the federal Fair Labor Standards Act.

7. While the Court agrees that the compressed discovery, motion and briefing schedule is an efficient approach to the litigation of this case, the reasons given for deferral of mediation to an unknown point in time following adjudication of such motions do not satisfy the criterion of good cause for relief from the ADR Program. The District's ADR Plan, in its automatic referral to ADR of newly filed cases, contemplates early intervention while the litigation progresses, often with little or no discovery having been accomplished.

8. Based upon the current Case Management deadlines, and regardless of whether extension of those deadlines is sought, the Court grants the motion to the extent that it will defer what otherwise would be the immediate selection of a mediator and conducting of an initial session as follows: Pursuant to ADR Plan Section 5.4, the parties

shall select a Mediator, confirm the Mediator's availability and file a stipulation regarding their selection no later than **April 10, 2013;** the initial mediation session shall be conducted no later than **June 28, 2013;** the period for completion of mediation shall expire on **October 31, 2013.**

    **SO ORDERED.**

Dated:    September 28, 2012
             Buffalo, New York

                                             _____
                                             WILLIAM M. SKRETNY
                                                  Chief Judge
                                            United States District Court