UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM A. HILL, individually and on behalf
of all others similarly situated,

                              Plaintiff,        **DECISION AND ORDER**

     v.

DELAWARE NORTH COMPANY, INC.,        11-CV-753S
a corporation,

                              Defendant.

---

      The parties have filed a second motion to defer the mediation requirements of this Court's Alternative Dispute Resolution ("ADR") Plan (Docket #73).

      The first Joint Motion to Excuse ADR Deadlines was filed on September 14, 2012 and was denied by this Court's Decision and Order filed on October 3, 2012. (Docket #49). That Decision and Order required, *inter alia,* the selection of a mediator no later than April 10, 2013. The parties did not comply with that deadline.

      Motions for relief from ADR are provided for at Plan section 2.2 and are to be made within fourteen days of the first scheduling conference. While the aforementioned first motion was timely filed, the Plan makes no provision for a further application for such relief.

      The instant motion, bearing exactly the same title as the first motion, and consisting of substantially identical language and argument, adds only that a subsequent amended scheduling order for discovery and summary judgment motions,

issued by Magistrate Judge Jeremiah J. McCarthy, somehow provides a new basis for relief from ADR.  The Court finds otherwise.

The parties mischaracterize this Court's earlier Decision and Order in their assertion that it deferred ADR "until after the anticipated disposition of the parties' cross-motions for summary judgment."  Docket #73, p. 2.  The more accurate context of that ruling is found at Paragraph 7 of the Decision and Order, which stated that:

> the reasons given for deferral of mediation to an unknown point in time following adjudication of such motions do not satisfy the criterion of good cause for relief from the ADR Program.  The District's ADR Plan, in its automatic referral to ADR of newly filed cases, contemplates early intervention while the litigation progresses, often with little or no discovery having been accomplished.

Docket #49, p. 2.

The April 10, 2013 deadline for selection of a mediator, which the parties have failed to meet, was imposed "*regardless* of whether extension of those [discovery and summary judgment] deadlines is sought."  *Id.* (emphasis added).  This directive remains.

Any further effort to avoid mediation may be viewed as frivolous and incompatible with the Plan's expectation of good faith participation.

IT HEREBY IS ORDERED that the Joint Motion to Excuse ADR Deadlines is DENIED.

FURTHER, that the parties shall file a stipulation selecting a mediator no later than seven (7) calendar days following the filing of this Decision and Order, failing

which the Court will designate a mediator, and that in all other respects, the Court's mediation deadlines shall be met unless modified by further order of the Court.

    SO ORDERED.


Dated:      June   2   , 2013
              Buffalo, New York

                                    \s\ William M. Skretny
                                    WILLIAM M. SKRETNY
                                        Chief Judge
                                United States District Court