UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM A. HILL, individually and on          **REPORT AND**
behalf of all others similarly situated,       **RECOMMENDATION**

                              Plaintiff,

                                                11-CV-00753(S)(M)

v.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

                              Defendant.

_____

WILLIAM HANSBAUER, individually and on
behalf of all others similarly situated,

                              Plaintiff,        14-CV-00138(S)(M)

v.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

                              Defendant.

_____

     This case has been referred to me by Hon. William M. Skretny for supervision of

pretrial proceedings, including the preparation of a Report and Recommendation on dispositive

motions [40].[1]  Before me are the motions of plaintiff William Hill and defendant Delaware

North Companies Sportservice, Inc. ("Delaware North") for summary judgment [81, 85]. The

parties waived oral argument. For the following reasons, I recommend that the plaintiff's motion

be denied, and that Delaware North's motion be granted.

_____

    [1]     Bracketed references to CM/ECF docket entries.

## BACKGROUND

Plaintiff seeks recovery under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and similarly situated employees, alleging that Delaware North  failed to pay overtime compensation for those hours employees that were required to work in excess of the maximum forty-hour workweek. Amended Complaint [26]. Plaintiff was employed in 2011 as a retail supervisor whose duties involved work at the Baltimore Orioles Team Store and souvenir stands at Oriole Park at Camden Yards in Baltimore. Id., ¶13. While Delaware North asserts that plaintiff was actually employed by its subsidiary, Maryland Sportservice, Inc. (Delaware North's Answer [39], ¶13), plaintiff contends that he "was not only employed by Maryland Sportservice, Inc. but also, jointly or otherwise, by its parent company, Defendant Delaware North". Plaintiff's Response [92], p. 6.

29 U.S.C. §207(a)(1) provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed". However, 29 U.S.C. §213(a)(3) states that "section 207 of this title shall not apply with respect to - - any employee employed by an establishment which is an amusement or recreational establishment . . . if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year".

In moving for summary judgment, both parties seek a determination as to whether §213(a)(3) applied to plaintiff's employment in 2011, with Delaware North arguing that it did

[85], and plaintiff arguing that it did not [81].[2]  "When considering cross-motions for summary judgment, a court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Make The Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004).

## ANALYSIS

A.      **The Summary Judgment Standard**

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.]  Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

However, while the moving party must demonstrate the absence of any genuine factual dispute, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Electric

---

[2]      After the parties' cross-motions for summary judgment were filed and fully briefed, Hansbauer v. Delaware North Companies Sportservice, Inc. (14-cv-00138(S)(M)) was commenced and that action was consolidated with Hill v. Delaware North Companies Sportservice, Inc. (11-cv-00753(S)(M)). See April 14, 2014 Text Order [100]. Therefore, my Report and Recommendation addresses only the claims alleged by plaintiff in the Hill action.

Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted).

**B.      Is §213(a)(3) Applicable to Plaintiff's Employment?**

"FLSA exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." Pippins v. KPMG LLP, ___F.3d___, 2014 WL 3583899, *2 (2d Cir. 2014). "The employer who invokes the exemption bears the burden of establishing that the employee falls within the exemption." Mullins, 653 F.3d  at 113.

While the parties dispute whether Delaware North is one of plaintiff's employers, the applicability of §213(a)(3) does not depend upon the identity of plaintiff's actual employer. "Congress chose to use the individual establishment, rather than the entire enterprise, as the business unit for evaluating the applicability of the exemption." English v. Ecolab, Inc., 2008 WL 878456, *9 (S.D.N.Y. 2008). *See also* Chen v. Major League Baseball  2014 WL 1230006, *7 (S.D.N.Y. 2014) ("It is . . . of no consequence that the plaintiff was employed by MLB rather than by FanFest; for the purposes of Section 13(a)(3), an individual is employed by the establishment at which he works, regardless of any enterprise that may operate or control the establishment").

"As used in the Act, the term establishment . . . refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise' which may include several separate places of business." 29 C.F.R. §779.23 "For example, a manufacturer may operate a plant for

production of its goods, a separate warehouse for storage and distribution, and several stores from which its products are sold. Each such physically separate place of business is a separate establishment." 29 C.F.R. §779.303.

   While plaintiff admits that "Oriole Park at Camden Yards likely qualifies as an amusement or recreational establishment" (plaintiff's Response [92], p. 3), he argues that "defendant cannot establish that the Baltimore Orioles qualify for the exemption". Id. However, the relevant establishment (that is, the "distinct physical place of business") is Oriole Park at Camden Yards, not the Orioles team. See, e.g., Department of Labor ("DOL") Opinion Letter (October 11, 1978), 1978 DOLWH LEXIS 30, *2 (holding that a sports arena "would be the establishment entitled to the exemption in section 13(a)(3) . . . . The fact that the [team] put on a basketball game 41 nights in the year on the arena's playing floor does not make it synonymous with the Arena"); DOL Opinion Letter (February 18, 1999), 1999 DOLWH LEXIS 16, *2 ("stadiums . . . can qualify as amusement or recreational establishments");[3] Adams v. Detroit Tigers, Inc., 961 F.Supp. 176, 179 (E.D.Mich. 1997) ("An 'establishment' is a 'distinct physical place of business' - in this case, the Tigers' establishment at Tiger Stadium, and not the Tigers' organization as a whole").

   "Food and souvenir vendors employed by an establishment such as . . . [a] baseball park . . . may qualify for exemption from the minimum wage and overtime pay provisions under section 13(a)(3)." DOL Opinion Letter (June 22, 1967), 1967 DOLWH LEXIS

---

[3]   "[T]he rulings, interpretations and opinions of the Administrator under [the FLSA], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

164, *1. "The exemption provided under this section will apply to the employees of such establishments. It will also apply to food and souvenir vendors employed by a concessionaire operating on the premises of such an establishment provided the operations of the concessionaire and the host establishment constitute a single establishment which meets the requirements for the exemption. Two or more business activities operated integrally on the same premises usually will be considered a single establishment within the meaning of the act." Id., **1-2.

Delaware North persuasively argues that the concession activities in this case were an integral part of the amusement and recreational character of Oriole Park at Camden Yards. See Delaware North's Memorandum of Law [85-7], pp. 8-16 and Reply [93], pp. 4-8. For example, at his deposition plaintiff testified that fans "have to get food. They have to eat, and then they get souvenirs, and they come in right before the game starts, and then they go into the store and shop in the team store . . . . It's all part of the baseball experience". [85-6], p. 58. He further testified that "they had people carrying beers on their bodies walking up to different customers throughout the stadium". Id., p. 67.

Plaintiff argues that "the exemption does not extend to an employer that is a separate legal entity from the host recreational establishment". Plaintiff's Memorandum of Law [83], p. 11 (citing a January 15, 2009 DOL Opinion Letter, 2009 WL 649013). However, "opinion letters are entitled to respect . . . only to the extent that those interpretations have the power to persuade". Christensen v. Harris County, 529 U.S. 576, 587 (2000). "The weight of such [an opinion] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements,

and all those factors which give it power to persuade, if lacking power to control." Skidmore, 323
U.S. at 140.

I give little weight to DOL's 2009 Opinion Letter, since it is inconsistent with
DOL's June 22, 1967 Opinion Letter (1967 DOLWH LEXIS 164) and with other authority. *See*,
*e.g.*, Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 595 (11th Cir.1995) ("Defendant's status as
an amusement and recreational establishment is not rendered inapplicable by the fact that
Defendant does not own the sports complex in which it operates . . . . Lessees or independent
contractors, such as concessionaires . . . none of which would be expected to own the real
property upon which they operate, were clearly contemplated by Congress as being covered by
the exemption").[4] Therefore,  as a matter of law I conclude that the concession activities in this
case were an integral part of the amusement and recreational character of the relevant
"establishment", namely Oriole Park at Camden Yards.

In order to invoke §213(a)(3), Delaware North must next "show either that the
establishment operated for not longer than seven months in a year, or that off-season receipts
were less than one-third of in-season receipts in a calendar year". Adams, 961 F.Supp. at 180. It
is undisputed that "Oriole Park (including the concession services provided by Maryland
Sportservice) operated as an amusement or recreational establishment for a span of just five

---

[4]      For the same reason, however, I give little weight to the fact that the DOL "recently
completed an investigation of Maryland Sportservice's utilization of the §13(a)(3) exemption, and in
January 2013 it reported finding 'no violation' of the FLSA" (Delaware North's Memorandum of Law
[85-7], p. 3), because the record contains no explanation for that  decision. "Unexplained agency
constructions have little persuasive value." Brock v. Louvers and Dampers, Inc., 817 F.2d 1255, 1258
(6th Cir. 1987).

months and twenty-four days during all of 2011". Delaware North's Statement of Material Facts [85-1], ¶62; plaintiff's Response [91], ¶¶ 59-69.

However, plaintiff argues that "Maryland Sportservice . . . has ancillary operations that are open and operate year round, and [Delaware North] and its various subsidiaries operate throughout the entire calendar year". Plaintiff's Response [91], ¶¶ 59-69. That argument is irrelevant. As previously stated, the relevant "establishment" for purposes of §213(a)(3) is Oriole Park at Camden Yards, not Delaware North's activities elsewhere. Moreover, "the focus is on length of the Defendant's seasonal operation . . . . 29 U.S.C. §213(a)(3) does not require Defendant to completely shut down or to terminate every employee at the end of each baseball season". Jeffery, 64 F.3d at 596; *see also* authorities discussed in Delaware North's Memorandum of Law [85-7], pp. 17-18.

Since Delaware North has demonstrated that the recreational establishment satisfied "Test A" of §213(a)(3) since it did "not operate for more than seven months" in 2011 (the year plaintiff was employed), I need not consider its argument that it has also satisfied "Test B" ("during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year"). *See* Delaware North's Memorandum of Law [85-7], pp. 18-21.


## CONCLUSION

For these reasons, I recommend that plaintiff's motion for summary judgment [81] be denied, and that Delaware North's motion for summary judgment [85] be granted. Since the parties have not addressed the effect (if any) of these motions upon "all other persons

similarly situated" to plaintiff (Amended Complaint [26], ¶45), I express no opinion in that regard.[5]

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by August 14, 2014 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

---

[5]     For example, I note that prior to plaintiff's filing of the Amended Complaint, Tanica Brown filed a consent to become a party plaintiff [7]. However, she is not specifically mentioned in the Amended Complaint.

Dated: July 28, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge