UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM A. HILL,                                                    **REPORT AND**
                                                                            **RECOMMENDATION**

                            Plaintiff,
                                                                            11-CV-00753(S)(M)
v.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

                            Defendant.
_____

        This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [40].[1] Before me is the motion of defendant Delaware North Companies Sportservice, Inc., ("Delaware North") for summary judgment [112]. For the following reasons, I recommend that the motion be granted.

### BACKGROUND

        Plaintiffs William Hill and Tanica Brown seek recovery under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of themselves and similarly situated employees, alleging that Delaware North failed to pay overtime compensation for those hours employees were required to work in excess of the maximum forty-hour workweek at Oriole Park at Camden Yards in Baltimore.

---

[1]     Bracketed references to CM/ECF docket entries.

29 U.S.C. §207(a)(1) provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed". However, 29 U.S.C. §213(a)(3) states that "section 207 of this title shall not apply with respect to - - any employee employed by an establishment which is an amusement or recreational establishment . . . if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year".

The parties previously filed motions for summary judgment as to the applicability of the 29 U.S.C. §213(a)(3) exemption in this case [81, 85], with Delaware North arguing that it applies, and plaintiff William Hill arguing that it does not.  In a Report and Recommendation dated July 28, 2014 [103], I recommended that summary judgment be granted in favor of Delaware North, and that recommendation was adopted by Judge Skretny on September 30, 2014 [107].

Based on that decision, Delaware North now moves for summary judgment dismissing plaintiffs' claims [112]. In opposing the motion, plaintiffs incorporate by reference the arguments advanced by plaintiff William Hill in connection with the earlier summary judgment motions. *See* plaintiffs' Response [115]. However, I find no reason to depart from the conclusion reached in my earlier Report and Recommendation [103], namely that 29 U.S.C. §213(a)(3) bars the claims asserted in this case.

**CONCLUSION**

For these reasons, I recommend that Delaware North's motion for summary judgment [112] be granted. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by January 5, 2015 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: December 15, 2014

                                             /s/ Jeremiah J. McCarthy
                                             JEREMIAH J. MCCARTHY
                                             United States Magistrate Judge